IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF THE CARPENTERS' HEALTH**
**AND WELFARE TRUST FUND OF ST. LOUIS,**

**Plaintiffs,**

                                                            Case No. 05-382-DRH
**vs.**

**BRIAN BRUNKHORST and THOMAS C. RICH,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is Defendants' motion to dissolve, modify, vacate or reconsider preliminary injunction order of June 13, 2005 with regard to attorney Thomas C. Rich (Doc. 52). Defendants argue that the Court should modify or reconsider the preliminary injunction as to Defendant Rich as he is an improper Defendant. Plaintiffs oppose the motion (Doc. 53). Based on the following, the Court denies the motion.

### II. Analysis

Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. ***Hope v. United States*, 43 F.3d 1140, 1142 (7th**

**Cir. 1995)**.  Despite this fact, such motions are routinely presented, and this Court will consider them if timely-filed.  If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under **Federal Rule of Civil Procedure 59(e)**.  *See Britton v. Swift Transportation Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or 60 is its timing");** *Mendenhall v. Goldsmith*, **59 F.3d 685, 689 (7th Cir.), cert. denied, 516 U.S. 1011 (1995)("any post-judgment substantive motion that is made within ten days of the entry of judgment is deemed a Rule 59(e) motion.").**  Defendants' motion to reconsider was not filed within ten days of the entry of the Preliminary Injunction Order.  Thus, the Court considers Defendants' motion as a motion made pursuant to **Federal Rule of Civil Procedure 60**.  *See United States v. 47 West 644 Route 38*, **190 F.3d 781, 783 n.1 (7th Cir. 1999), cert. denied, 120 S.Ct 1270 (2000)  (any motion that attacks the merits of a district court's decision and is filed more than ten days after the entry of judgment is considered a motion under Federal Rule of Civil Procedure 60)**.

       Rule 60(a), limited to correcting clerical mistakes, is inapplicable here, Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence ...; (3) fraud ...; (4) the
> judgment is void; (5) the judgment has been satisfied,
> released, or discharged ...; or (6) any other reason

justifying relief from the operation of the judgment.

The first five grounds for Rule 60(b) relief do not apply, as Defendants do not claim (and the record does not reveal) any mistake, excusable neglect, newly discovered evidence, fraud, fundamental defect voiding the judgment, or satisfaction of the judgment. Nor have Defendants demonstrated any "other reason justifying relief" from the judgment.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. **Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994)**. The rule does not permit a party to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" **Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 697 (7th Cir. 2000)(quoting Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995))**.

Defendants have presented no special circumstances justifying the extraordinary remedy. Defendants' motion merely takes umbrage with the Court's ruling, rehashes old arguments and makes new arguments that should have been raised previously. The Court remains convinced of the correctness of its position and unpersuaded that Defendant Rich is an improper party. Thus, the Court rejects Defendants' Rule 60(b) relief.

### III.  Conclusion

Accordingly, the Court **DENIES** Defendants' motion to dissolve, modify,

vacate or reconsider preliminary injunction order of June 13, 2005 with regard to attorney Thomas C. Rich (Doc. 52).

**IT IS SO ORDERED.**

Signed this 13th day of September, 2005.

/s/     David RHerndon<br>United States District Judge