IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF THE CARPENTERS' HEALTH
AND WELFARE TRUST FUND OF ST. LOUIS,**

**Plaintiffs,**

Case No. 05-382-DRH

**vs.**

**BRIAN BRUNKHORST and THOMAS C. RICH,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Defendants' June 21, 2006 motion for stay of execution or enforcement of judgment pending appeal (Doc. 78).[1] Defendants argue that this motion is made on the grounds that substantial injury may be caused to Defendant, Brian Brunkhorst, in the absence of a stay. Defendants further argue that the sole purpose of the stay is to preserve the status quo pending appeal so that the appellant may reap the benefit of a potentially meritorious appeal. Plaintiffs oppose the motion arguing that the stay or execution or proceedings to enforce the declaratory judgment would be meaningless as Plaintiffs' right to withhold future

---

[1] On June 15, 2006, the Court entered Judgment in favor of Plaintiff and against Defendants (Doc. 76). The Judgment includes a permanent injunction against certain actions by Defendants, a finding that Defendant Brunkhorst is indebted to Plaintiffs for benefits advanced in the amount of $14,717.10, and a declaration that Plaintiffs have the right to withhold future Plan benefits from Defendant Brunkhorst in order to set off his debt.

benefits is not created by judgment, but exists independently under the terms of the Plan Document and the law of equity (Doc. 81). Plaintiffs maintain that the declaratory judgment merely confirms that preexisting right. Based on the following, the Court denies in part and grants in part the motion.

## II. Analysis

This Court has jurisdiction to stay injunctions even after a party has filed a notice of appeal. **FED.R.CIV.P. 62 (c)**. A Court of Appeals may grant such relief under Rule 8(a) of the Federal Rules of Appellate Procedure. Such a stay is considered "extraordinary relief" for which the moving party bears a "heavy burden." ***Winston-Salem/Forsyth County Board of Education v. Scott*, 404 U.S. 1221, 1231 (1971)**. There are four factors to consider in determining whether to do so: (1) whether the applicant for the stay has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties in the proceeding; and (4) where the public interest lies. ***Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)**. The standards are similar to those employed by courts in deciding whether to grant a preliminary injunction. **See *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)**.

Here, the Court finds that a stay as to the injunction portion of the Judgment is not proper and that Defendants have not met their burden. Defendants have not met or even addressed the four factors in order to grant a stay as to the

injunction. Further, the injunction is not one which costs the Defendants anything, it only prohibits action on their part. Thus, the Court denies the motion to stay as to the injunction portion of the Judgment.

As to the specific performance portion of the Court's Order, the Court notes that Defendants did not address this issue. The Court assumes that Defendants cannot comply with it. As to the $14,717.10 remaining to be satisfied, the Court finds, contrary to what Defense counsel asserts, a denial of a stay is not tantamount to a denial of medical care. In effect, due to the decision in this case made by Defendants, Defendant Brunkhorst now has a $14,717.10 deductible added to all other deductibles of his medical plan. So, he faces incremental payments forward against the remaining balance during the pendency of the appeal absent a stay, unless he or a covered member of his family suffers a substantial medical event. However, Defendant Brunkhorst's point would seem to be that he is, as a practical matter restrained from seeking medical care that he would otherwise pursue due to his reluctance to incur debt to do so. Without judging the wisdom of such decision-making, the Court finds that Defendant Brunkhorst may suffer irreparable harm if forced to forego medical care as a result.

Further, the issues of attorney fees and costs is yet to be determined, as this issue is not ripe per the Court's Order.

Accordingly, the Court will enter a stay against the operation of those portions of its order which allows the Plaintiffs to withhold benefits against covered medical expenses up to the amount of $14,717.10, the payment of attorney fees and

expenses and costs; provided that a bond is filed with the Court for the sum of those amounts plus $7,5000 to cover the costs of appeal.

### III. Conclusion

Accordingly, the Court **DENIES in part** and **GRANTS in part** Defendants' motion for stay of execution or enforcement of judgment pending appeal (Doc. 78).  The Court will enter a stay against the operation of those portions of its order which allows the Plaintiffs to withhold benefits against covered medical expenses up to the amount of $14,717.10, the payment of attorney fees and expenses and costs; provided that a bond is filed with the Court for the sum of those amounts plus $7,5000 to cover the costs of appeal.

**IT IS SO ORDERED.**

Signed this 7th day of July, 2006.


/s/        David   RHerndon
**United States District Judge**